BARNEY GILES, D.B.A. BARNEY'S DRIVE INN *v.* THE DESPORTE INSURANCE AGENCY, INC.

No. 43447 May 24, 1965 175 So. 2d 616

*Albert Sidney Johnston, Jr.,* Biloxi, for appellant.

*Louis Hengen,* Biloxi, for appellees.

Smith, J.

This was an appeal by Barney Giles, d/b/a Barney's Drive Inn, from a decree of the Chancery Court of Harrison County dismissing an unsworn petition filed

by him, styled "Petition for Injunction," and awarding appellee, Desporte Insurance Agency, Inc., defendant below, $100 as a reasonable attorney's fee.

The petition actually contained no prayer for an injunction or for any specific relief. However, the chancellor apparently treated it as a motion or petition for an injunction to stay an execution upon a final judgment in the amount of $2,867.15 obtained by appellee against petitioner in the County Court of Harrison County, and endorsed his fiat thereon directing the issuance of "process as required by law and the prayer of the foregoing petition," setting the matter for hearing two weeks later. No temporary injunction was issued.

The defendant filed an answer in which the petition was treated as a petition for an injunction to stay proceedings on its judgment and demanded damages in the amount of $500 plus reasonable attorney's fee.

The chancellor heard the case on petition and answer and although the decree recited that the court heard evidence, the record discloses that the parties agreed not to submit evidence and that none was actually taken.

At the conclusion of the hearing on June 3, 1964, a decree was entered dismissing the petition but refusing to award defendant any damages, except $100 which was allowed as a reasonable attorney's fee. No injunction was ever issued.

Three days after the entry of the decree, appellant gave notice to the reporter to transcribe his notes for an appeal to this Court, prepaid the costs of the record, and made a cash deposit of $100 as provided by Mississippi Code Annotated section 1162 (1956). On December 1, 1964, approximately six months after the entry of the decree, appellant filed with the chancery clerk a supersedeas bond in the penalty of $3,583.94, which the clerk approved and which has now been included in the record on appeal on motion of appellee.

There was no cross-appeal by Desporte from that part of the decree which denied damages.

Apparently under a misapprehension on the part of appellant as to the terms of the decree, the supersedeas bond was conditioned to satisfy the decree of the chancery court in the case "for $2,867.15, $100 solicitor's fee and all costs," as there is nothing in the decree as to the $2,867.15, the amount of the county court judgment.

No injunction was ever issued and the record shows no basis for the allowance of an attorney's fee to appellee, and the decree of the lower court should be reversed as to such allowance but affirmed in all other respects. There was no cross-appeal from that part of the decree disallowing damages to the appellee, and, therefore, no question is presented here upon that phase of the case.

■■ ■ Appellee argues that it is entitled to judgment here against appellant and the sureties on the supersedeas bond for the amount of its county court judgment. This bond, filed six months after the date of the decree, was ineffectual as a supersedeas. ■■■ In any event, if it had been filed in time, its only effect would have been to stay the carrying out of the decree actually entered by the court below under the terms of which appellee was awarded $100 as an attorney's fee.

■■ ■ Since no injunction was issued, Mississippi Code Annotated section 1352 (1956) dealing with damages allowable upon dissolution of an injunction to stay proceedings on a judgment at law for money has no application. The decree dismissing the petition is affirmed except as to the allowance of an attorney's fee to appellee, as to which the decree is reversed.

Affirmed in part and reversed in part.

*Ethridge, P. J., and Gillespie, Jones and Brady, JJ.,* concur.